IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EMORY TAYLOR CHILES,

        Petitioner,

v.                                                      Civil Action No. 5:07CV65
                                                      Criminal Action No. 5:05CR18

UNITED STATES OF AMERICA,         (JUDGE STAMP)

        Respondent.

**REPORT AND RECOMMENDATION
THAT §2255 MOTION BE DENIED**

**I. INTRODUCTION**

On May 22, 2007, the *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[1] On May 24, 2007 and June 6, 2007, petitioner filed Motions to Correct Typographical Errors in the original Motion Under 28 U.S.C. § 2255.[2] On May 30, 2007, petitioner filed a Motion for the Recusal of the Assistant United States Attorney Randolph Bernard.[3] On July 11, 2007, respondent was ordered to answer petitioner's Motion Under 28 U.S.C. § 2255.[4] Respondent filed a Motion for Extension of Time to File Response on August 8, 2007,[5] which was granted on August 9, 2007.[6]

---

[1] Docket No. 73

[2] Docket Nos. 74 & 77

[3] Docket No. 75

[4] Docket No. 81

[5] Docket No. 82

[6] Docket No. 83

On August 16, 2007, petitioner filed a Motion for Default.[7] The Government filed its response on August 24, 2007.[8] Petitioner then filed a Second Motion for Default on August 31, 2007.[9] Following, on September 21, 2007, petitioner filed a Reply to the Government's Response.[10] Petitioner then filed a Motion Request for Discovery Pursuant to Rule 6(a)(b) of Federal Rules of Civil Procedure on February 22, 2008.[11] Subsequently, the Government, on March 3, 2008, filed a Motion to Strike Petitioner's Motion Request for Discovery Pursuant to Rule 6(a)(b) of Federal Rules of Civil Procedure and a Motion for Protective Order providing that the respondent need not answer or respond to Petitioner's Motion Request for Discovery Pursuant to Rule 6(a)(b).[12] Petitioner then filed a Motion to Appoint Counsel on March 4, 2008,[13] a Response to Respondent's Motion to Strike and Motion for Protective Order on March 10, 2008,[14] and a Motion for Evidentiary Hearing on March 13, 2008.[15]

---

[7]Docket No. 85

[8]Docket No. 86

[9]Docket No. 87

[10]Docket No. 89

[11]Docket No. 92

[12]Docket No. 93

[13]Docket No. 94

[14]Docket No. 96

[15]Docket No. 97

## II. FACTS

**A.     Conviction and Sentence**

On May 17, 2005, petitioner was charged in a one-count indictment with being a Felon in Possession of a Firearm in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

On August 4, 2005 a jury found petitioner guilty of count one. On October 25, 2005, petitioner was sentenced to 120 months imprisonment, followed by three years supervised release.

**B.     Appeal**

Petitioner filed a Notice of Appeal on October 27, 2005. The United States Court of Appeals for the Fourth Circuit affirmed petitioners conviction and sentence on August 4, 2006.

**C.     Federal Habeas Corpus**

Petitioner contends:

1) The United States lacked jurisdiction because Weirton, West Virginia is outside the United States.

2) The United States lacked subject matter jurisdiction because 18 U.S.C. 922 and 924 omit an "interstate commerce nexus."

3) The Indictment was defective and insufficient because it omitted an interstate commerce nexus and failed to allege an "overt act."

4) The Court violated his Fifth Amendment rights by amending the indictment.

5) His counsel was ineffective because counsel failed to a) object to the Court's amendment of the indictment; b) object to the defective indictment; c) object to

> the systematic exclusion of "Blacks" from the jury.

6) His sentence is unconstitutional because the three years of supervised release exceeds the statutory maximum of ten years and violates his Fifth and Sixth Amendment Rights and <u>Booker</u>.

The Government contends:

1) The District Court was clearly vested with jurisdiction.

2) Interstate nexus language is present in 18 U.S.C §§ 922 and 924, and such nexus was present in this case.

3) The Indictment sufficiently charged petitioner.

4) The Indictment was not amended at trial.

5) The jury selection process was constitutional and there is no demonstrable systematic exclusion of "Blacks" from the jury venire.

6) Petitioner's term of supervised release is constitutional.

**D.     Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket because petitioner's claims are without merit or are procedurally barred.

### III. <u>ANALYSIS</u>

**A.     Petitioner's Burden of Proof**

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence

exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 *2 (E.D.Va. Jan. 4, 2006).

**B.      Procedurally Barred Claims**

Before evaluating the merits of petitioner's claims, the Court must determine which of petitioner's issues he may bring in his § 2255 motion and which are procedurally barred.

It is well settled that issues previously rejected on direct appeal may not be raised in a collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976). Constitutional errors that were capable of being raised on direct appeal but were not may be raised in a § 2255 motion so long as the petitioner demonstrates 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged error. United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). Claims of ineffective assistance of counsel not raised on direct appeal and raised on collateral attack do not require a "cause and prejudice" showing because these claims are more appropriately raised on collateral attack than on direct appeal. See United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096 (2000); White v. United States, 2006 U.S. Dist. LEXIS 45122, at *7-8 (S.D. W.Va. June 20, 2006).

Petitioner's Claims 1, 2, 3, 4, and 6: Petitioner is procedurally barred from alleging the United States lacked jurisdiction (Claim1), the United States lacked subject matter jurisdiction (Claim 2), the Indictment was defective and insufficient (Claim 3), the Court amended the Indictment (Claim 4), and his sentence is unconstitutional (Claim 6). While constitutional claims not raised on direct appeal may be alleged in a collateral attack, petitioner has failed to

5

demonstrate "cause" or "prejudice" for his procedural default. Thus, in accordance with Maybeck, 23 F.3d at 891, petitioner is barred from raising these claims.

Petitioner's Claim 5:

Petitioner may raise these issues of counsel's ineffectiveness because claims of ineffective assistance of counsel are more appropriately raised on collateral attack than on direct appeal. See Richardson, 195 F.3d at 192.

1. **Claim 1: Whether the United States Lacked Jurisdiction.**

The petitioner alleges that Weirton, West Virginia, where petitioner was arrested, is not within the jurisdiction of the United States because the United States has never occupied, acquired or purchased West Virginia. Thus, petitioner claims that his conduct was outside United States jurisdiction and was not a crime against the United States, and he therefore cannot be held accountable in federal court.

Frivolous or patently absurd contentions raised in a §2255 may be dismissed by the district court. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). Petitioner does not dispute that he was arrested in Weirton, WV. However, the petitioner's claim that Weirton, West Virginia is not within the jurisdiction of the United States because West Virginia has never been occupied, acquired, or purchased by the United States is fantastical and delusional.

Weirton, West Virginia is certainly located within the United States, and more specifically, within the jurisdiction for the United States District Court for the Northern District of West Virginia. Accordingly, the Court finds petitioner's argument without merit.

2. **Claim 2: Whether the United States Lacked Subject Matter Jurisdiction**

The petitioner claims that neither 18 U.S.C §§ 922 and 924 contain language regarding

6

an interstate commerce nexus to grant federal subject matter jurisdiction.

The Court finds that this claim is without merit because petitioner is simply mistaken about the meaning of interstate nexus. Petitioner correctly notes that Title 18 U.S.C. § 922 does not have the specific words "interstate nexus." However, 18 U.S.C. § 922(g) does contain language which requires that a firearm be "in or affecting interstate commerce." This phrase is what is commonly referred to as an interstate commerce nexus or interstate commerce connection between the firearm and the defendant. See Scarborough v. United States, 431 U.S. 563, 577 (1971); see United States v. Presley, 52 F.3d 64, 67 (4th Cir. 1995). Thus, the petitioner's claim fails.

**3.     Claim 3: Whether the Indictment was Defective and Insufficient.**

Petitioner claims that the indictment was defective and insufficient. Petitioner argues that the indictment by the grand jury was void because it did not set forth all of the elements to be proved for conviction. Specifically, petitioner contends the effect on interstate commerce, and an overt act in furtherance of the crime, are missing from the indictment.

When the sufficiency of an indictment is attacked for the first time on appeal (or in a 2255 motion), "[i]ndictments and informations are construed more liberally...and every intendment is then indulged in support of...sufficiency." United States v. Sutton, 961 F.2d 476, 479 (4th Cir. 1992). United States v. Williams, 152 F.3d 294, 298–299 (4th Cir. 1998).

The Court finds that petitioner's allegation that the indictment was insufficient is without merit. The indictment very clearly references the interstate commerce element–"...did knowingly possess in and affecting interstate commerce," which closely tracks the statutory language of 18 U.S.C. § 922(g)(1).

7

Furthermore, an indictment for a violation of 18 U.S.C. § 922(g)(1) need not include an overt act in furtherance of the crime. Petitioner mistakenly bases his conclusion that an overt act in furtherance of a crime be listed in his indictment on <u>United States v. Hayes</u>, 775 F.2d 1279, 1282 (4th Cir. 1985), which is a case concerning a violation of 18 U.S.C. §1952(a) (Interstate Travel In Aid of Racketeering (ITAR)), and not a violation of 18 U.S.C. § 922(g)(1), which is at issue here. 18 U.S.C. §1952(a) and 18 U.S.C. §922(g)(1) have different elements. Elements of a 18 U.S.C. §1952(a) charge are: 1) traveling in interstate commerce; 2) promoting or carrying on any unlawful activity; and 3) thereafter performing or attempting to perform the unlawful acts previously mentioned in the statute. <u>Hayes</u>, 775 F.2d at 1282. Thus, it is imperative that a §1952(a) indictment list the specific overt act or acts committed as they are the second and third elements. By comparison, a §922(g)(1) charge requires: 1) the defendant was a convicted felon, 2) the defendant knowingly possessed the firearm, and 3) the firearm traveled in interstate commerce. <u>United States v. Gallimore</u>, 247 F.3d 134, 136 (4th Cir. 2001). No overt act is necessary.

Accordingly, petitioner is simply mistaken about his indictment's required and actual contents, and thereby is unable to demonstrate that the indictment was defective or insufficient. This claim is without merit.

**4.   Claim 4: Whether the Court Amended the Indictment.**

Petitioner claims that the Court amended the indictment at trial during jury instruction by redacting the petitioner's previous conviction. To support this argument, petitioner notes that his counsel stipulated that petitioner had previously been convicted of a crime punishable in excess of one year. Further, at the jury charge conference, Judge Stamp decided that he was going to

8

include the indictment as part of the jury instructions, but would redact the section detailing petitioner's prior drug conviction by inserting ellipses in its place. Petitioner contends that the jury should have known the full contents of his indictment, and the redaction was an unconstitutional amendment.

Amending an indictment is prohibited if it "transforms an indictment that does not state an offense into one that does" or "tends to increase the defendant's burden at trial" United States v. Coward, 669 F.2d 180, 184 (4th Cir. 1982), or the prosecutor or Court "broadens the possible bases for conviction beyond those presented by the grand jury." United States v. Floresca, 38 F.3d 706, 710 (4th Cir. 1994) (en banc).

The Court finds that the redaction of petitioner's previous conviction from the indictment in the jury instructions is not an amendment. First, counsel made a tactical decision (one that is very common in felon in possession cases) by stipulating that petitioner had previously been convicted of a crime punishable in excess of one year, so that the jury would not learn the nature of the underlying conviction. The court redacted the defendant's previous conviction consistent with the stipulation. Thus, the jury was able to know that petitioner had been previously convicted, without the potential of juror prejudice concerning the specific conviction. If anything, the redaction was for the benefit of petitioner. Second, the removal of the specific conviction language was a redaction not an amendment or fundamental change. It was done in order to eliminate any potential prejudice within the jury. Finally, insofar as the redaction could be construed as an amendment, it in no way violates the controlling precedents of Coward (because it does not state a new offense or increase the defendant's burden) or Floresca (because it does not broaden the possible bases for conviction).

9

Petitioner's claim fails.

5. **Claim 5: Whether Petitioner's Counsel Rendered Ineffective Assistance**

Claims of ineffective assistance of counsel are measured under a two-part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90. Second, the petitioner must demonstrate he was prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Att'y Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

Following is a discussion of each of petitioner's ineffective assistance of counsel claims.

    A. **Whether Counsel Rendered Ineffective Assistance in Failing to Object to the Court's Amendment of the Indictment.**

Petitioner claims that his counsel rendered ineffective assistance because counsel did not object to the amendment of petitioner's indictment.

It was noted above that the Court did not amend petitioner's indictment. Rather, the Court redacted the petitioner's predicate conviction based upon a common defense counsel trial strategy and stipulation. Furthermore, petitioner does not support this claim by showing that his

counsel was deficient or prejudicial, which is required per Strickland, 466 U.S. at 687. Thus, petitioner's claim fails.

  **B.** **Whether Counsel Rendered Ineffective Assistance in Failing to Object to the Defective Indictment.**

  Petitioner claims that his counsel rendered ineffective assistance because counsel did not object to the defective indictment which was missing required elements.

  The Court determined, above, that the indictment was sufficient and valid. In summary, petitioner was simply mistaken about 1) the meaning of "interstate nexus," 2) the language of 18 U.S.C. §922(g)(1), and 3) the required contents of an indictment. Furthermore, petitioner does not support this claim by showing that his counsel was deficient or prejudicial, which is required per Strickland, 466 U.S. at 687. Thus, petitioner's claim fails.

  **C.** **Whether Petitioner's Counsel Rendered Ineffective Assistance in Failing to Object to the Exclusion of "Blacks" from the Jury.**

  Petitioner contends that his trial counsel was ineffective because counsel failed to object to the exclusion of "Blacks" from the jury. For support, petitioner references that he was a "Black" male, convicted by an all white jury, and furthermore, there were no potential "Black" jurors in the jury venire.

  A defendant has the right to trial by jury selected from a fair cross section of the community. Duren v. Missouri, 439 U.S. 357, 363–64 (1979); United States v. Lewis, 10 F.3d 1086, 1089–90 (4th Cir. 1993); United States v. Espinoza, 641 F.2d 153, 168 (4th Cir. 1981). However, "In order to establish a prima facie violation of the fair cross-section requirement, the defendant must show (1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is

11

not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process." Duren, 439 U.S. at 364. Furthermore, in the Fourth Circuit, voter registration lists used to select potential jurors is legitimate, even if minorities are underrepresented on the lists, so long as there is not affirmative discrimination in voter registration. United States v. Cecil, 836 F.2d 1431, 1448 (4th Cir. 1988). It should be noted the jury venire in this district is taken from merged voter registration rolls and motor vehicles operators or chauffeur licences–a much wider list than the voter registration rolls approved in Cecil. (See 1:05–mc-8).

The Court finds petitioner's contention unpersuasive. There is no indication, anywhere, that the jury in petitioner's trial was not a fair cross section of the community. In fact, petitioner's counsel did object to the jury selection process, because there were no "Blacks" present. However, there was no indication given by petitioner's counsel at the time of objection, or by the petitioner in his §2255 which can demonstrate that the selection process was unconstitutional in any way. Thus, the court appropriately found then, as it does now that, per Cecil, the jury selection was constitutional and the petitioner has not established a systematic exclusion of "Blacks" from the jury venire.

Relief should be denied on this claim.

6.      **Claim 6 - Whether Petitioner's Sentence is Unconstitutional.**

Petitioner claims that his sentence of ten (10) years imprisonment followed by three (3) years supervised release, violates his Fifth Amendment Rights because he suffers "Double Jeopardy" by being sentenced twice for the same conviction, and violates his Sixth Amendment Rights and Booker because supervised release is a sentencing enhancement, in excess of the

statutorily prescribed maximum.

The Court finds petitioner's claim lacks merit. "[S]upervised release is not considered to be a part of the incarceration portion of a sentence and therefore is not limited by the statutory maximum term of incarceration. Rather, supervised release is to be imposed in addition to any incarceration authorized by a particular substantive criminal statute. . ." United States v. Pierce, 75 F.3d 173, 178 (4th Cir. 1996) (internal citations and quotations omitted). Accordingly, ten (10) years incarceration is within the prescribed statutory maximum, three (3) years supervised release is imposed in addition to incarceration, thus both aspects of Petitioner's sentence fall within the holding of the Court in Pierce. Therefore, petitioner's sentence was properly imposed and relief should be denied.

## IV. OTHER MATTERS

A.  Petitioner's two (2) Motions to Correct Typographical Errors in original Motion Under 28 U.S.C. § 2255, are **GRANTED**.

B.  Petitioner's Motion for the Recusal of the U.S. Assistant Attorney Randolph Bernard is **DENIED**.

C.  Petitioner's Motion for Default filed August 16, 2007 is **DENIED**. See Fed.R.Civ.P. 55(e); see Vandevender v. United States, 2008 WL 725135 at *6 (N.D.W.Va. 2008).

D.  Petitioner Second Motion for Default filed August 31, 2007 is **DENIED**. See Fed.R.Civ.P. 55(e); see Vandevender v. United States, 2008 WL 725135 at *6 (N.D.W.Va. 2008).

E.  Petitioner's Motion Request for Discovery Pursuant to Rule 6(a)(b) of Federal Rules of Civil Procedure is **DENIED** as moot.

F. Respondent's Motion to Strike Petitioner's Motion Request for Discovery Pursuant to Rule 6(a)(b) of Federal Rules of Civil Procedure and a Motion for Protective Order providing that the Respondent need not answer or respond to Petitioner's Motion Request for Discovery Pursuant to Rule 6(a)(b) is **DENIED** as moot.

G. Petitioner's Motion to Appoint Counsel is **DENIED** as moot.

H. Petitioner's Motion for Evidentiary Hearing is **DENIED** as moot.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's §2255 motion be DENIED and dismissed from the docket.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: June 3, 2008

       /s/ James E. Seibert
       JAMES E. SEIBERT

UNITED STATES MAGISTRATE JUDGE