IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                               Criminal Action No. 5:05CR18
                                               (STAMP)
EMORY TAYLOR CHILES,

      Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO VACATE JUDGMENT AND ORDER
PURSUANT TO FED. R. CIV. P. 60(b)(1)(4) and (6) AND
DENYING DEFENDANT'S MOTION FOR LEAVE TO APPEAL**

I.  Background

On May 17, 2005, a grand jury returned a one-count indictment against the defendant, Emory Taylor Chiles, charging him as a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). A jury trial was held before this Court, and on August 4, 2005, the jury returned a verdict of guilty. This Court sentenced the petitioner to a term of 120 months imprisonment followed by three years of supervised release. The defendant filed a notice of appeal on October 27, 2005, and the United States Court of Appeals for the Fourth Circuit affirmed the judgment of this Court on August 4, 2006.

On May 22, 2007, the defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, alleging that his conviction was invalid because Weirton, West Virginia, the location of the crime, is not within the jurisdiction of the United States. The defendant also claimed that the government lacked

subject matter jurisdiction due to the alleged lack of interstate nexus language within 18 U.S.C. §§ 922 and 924.  According to the defendant, the indictment failed to set forth the elements of the offense and was improperly amended.  The defendant further alleged that he suffered violations of his Sixth Amendment right to effective assistance of counsel.  Lastly, the defendant challenged his three year term of supervised release.

On July 6, 2009, this Court issued a memorandum opinion and order adopting and affirming the report and recommendation of the magistrate judge denying the defendant's § 2255 motion.  The defendant then filed a notice of appeal to the Fourth Circuit, after which this Court issued an order denying the defendant a certificate of appealability.  The Fourth Circuit ultimately dismissed the defendant's appeal on December 29, 2009.

On July 22, 2010, the pro se[1] defendant filed the Rule 60(b) motion that is currently pending before this Court.  The government responded to this motion on August 18, 2010, and the defendant filed an objection to this response on September 7, 2010.  After considering the parties' briefs and the applicable law, this Court finds that the defendant's Rule 60(b) motion must be dismissed as a successive petition.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1341 (9th ed. 2009).

II.  Discussion

The Fourth Circuit has held that Rule 60(b) motions should be treated as successive applications for post-conviction relief under 28 U.S.C. § 2255 when they present claims that are "equivalent to additional habeas claims."  Hunt v. Nuth, 57 F.3d 1327, 1339 (4th Cir. 1995).  In United States v. Winestock, 340 F.3d 200 (4th Cir. 2003), the Fourth Circuit further mandated that "district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'"  Id. at 206 (citing Calderon v. Thompson, 523 U.S. 538, 553 (1998) (holding that courts must not allow prisoners to circumvent the strict requirements of 28 U.S.C. §§ 2254 and 2255 by attaching labels to petitions other than "successive application" for post-conviction relief)).

The Winestock court also described the method that courts should use to distinguish a proper motion under Rule 60(b) from a "'successive [application] in 60(b)'s clothing.'"  Id. at 207 (quoting Lazo v. United States, 314 F.3d 571, 573 (11th Cir. 2002) (per curiam)).  The Court stated:

> a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in a collateral review process will generally be deemed a proper motion to reconsider.  Thus, a brand-new, free-standing allegation of constitutional error in the underlying

>    criminal judgment will virtually always implicate the
>    rules governing successive applications.

Id.

Here, the defendant's Rule 60(b) motion is in actuality a successive § 2255 motion in which the defendant attempts to re-litigate the claims previously disposed of by both this Court and the Fourth Circuit. Specifically, in his Rule 60(b) motion, the defendant reasserts his claim that the court lacked jurisdiction over him and that his counsel was ineffective. The defendant, therefore, is directly attacking his conviction and sentence in a manner that amounts to an appeal of the decision on his previous § 2255 motion rather than a defect in the collateral review process. Thus, the defendant's claims cannot stand unless properly brought after receiving a certificate of appealability or permission to file a successive § 2255 motion. For this reason, the defendant's Rule 60(b) motion must be denied.

### III. Conclusion

For the reasons stated above, this Court concludes that the defendant's motion to vacate judgment and order pursuant to Fed. R. Civ. P. 60(b)(1)(4) and (6) is hereby DENIED. Further, because the defendant did, in fact, appeal both the October 25, 2005 judgment and the July 6, 2009 memorandum opinion and order of this Court to the Fourth Circuit, his motion "for leave to appeal his continue in the Court," filed on November 9, 2006, is hereby DENIED as MOOT. (Docket No. 70.)

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of this judgment order.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the petitioner is DENIED a certificate of appealability.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se defendant by certified mail and to counsel of record herein.

DATED:   May 3, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE